UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHELLE ROBERTSON,

    Plaintiff,

v.                                              CASE NO. 8:17-cv-1077-T-26MAP

NAVIENT SOLUTIONS, INC.,

    Defendant.
                                         /

**O R D E R**

**UPON DUE AND CAREFUL CONSIDERATION** of the procedural history of this case, together with a review of the parties' written submissions, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel (Dkt. 24) is granted. Defendant shall produce the documents described in Requests for Production 36, 37, 38, 39, and 40 on or before **March 2, 2018.** In the Court's view, Defendant's counsel, in responding to the requests, merely recited boilerplate objections which have been repeatedly condemned by courts in the Middle District of Florida. See, e.g., Archer v. City of Winter Haven, 2017 WL 5158142, at *2 (M.D. Fla. Nov. 7, 2017). In particular, Defendant's counsel lodged objections which did not "state with *specificity* the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B) (emphasis added). Nor did Defendant's counsel in lodging objections based on the attorney-client privilege or the attorney work product doctrine comply with the requirement of Federal Rule of Civil Procedure 26(b)(5)(A)(ii).

The Court makes one final observation. After reviewing the parties' submissions and the attached e-mails, the Court can only come to one conclusion - both counsel for the parties are engaging in litigation tactics which result in the needless expenditure of client and judicial resources. As one of this Court's colleagues previously observed, "[s]uch deceptive tactics are prejudicial to the opposing party and undermine the purpose of the discovery rules, which is to facilitate resolution of cases on their merits with what is supposed to be an efficient self-executing or self-policed exchange of relevant information." Steele v. U. S. Dep't of Veteran Affairs, 2011 WL 2160343, at *7 (M.D. Fla. Jun. 1, 2011) (internal quotations marks and citation omitted).

**ACCORDINGLY**, counsel for the parties are reminded of the requirement of Local Rule 2.04(h) that "[a]ttorneys and litigants should conduct themselves with civility and in a spirit of cooperation in order to reduce unnecessary cost and delay." Any counsel or litigant failing to comply with the dictates of the rule will be sanctioned. To that end, counsel are directed to resolve the issue referenced in footnote one of the motion without Court intervention.

**DONE AND ORDERED** at Tampa, Florida, on February 15, 2018.

        s/*Richard A. Lazzara*
        **RICHARD A. LAZZARA**
        **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record